Halpern, J., concurring: I join the majority opinion without reservation. I write only to emphasize that, not only is the majority’s analysis of our jurisdiction under section 7436 correct as a matter of law; it is also correct as a matter of tax policy. As the majority states, see op. Ct. note 5: “We owe no deference to what an administrative agency says about our jurisdictional bounds.” Moreover, respondent’s position, reflected both in this case and in Notice 2002-5, 2002-1 C.B. 320, 321, that only his issuance of a notice of determination as described in Notice 2002-5 may confer jurisdiction on this Court to resolve a worker classification or RA ’78 sec. 530 issue would improperly permit the Commissioner to determine, in his sole discretion, whether a taxpayer shall have access to this Court in order to resolve any such issue raised on audit. Were we to adopt respondent’s position, the Commissioner, by refusing to issue a notice of determination, would be able to deny the taxpayer access to this Court, which he may be tempted to do whenever he feels his chance of success on a worker classification or RA ’78 sec, 530 issue is better in either the District Court or the Court of Federal Claims than in this Court. There is no basis in section 7436 or as a matter of policy for granting the Commissioner this “forum shopping” discretion, and it would thwart the obvious congressional intent embodied in that provision to permit taxpayers, in their discretion,[1] to litigate, in this Court, worker classification and RA ’78 sec. 530 issues that the Commissioner has raised on audit. Thornton, Colvin, Vasquez, Gale, Wherry, Kroupa, Holmes, Gustaeson, Morrison, Buch, and Lauber, JJ., agree with this concurring opinion. “Petitioner. — A pleading may be filed under this section * * * by the person for whom the services are performed.” Sec. 7436(b)(1) (emphasis added).